## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TABBATHA JOHNSON | CIVIL ACTION |
| VERSUS | |
| | NO. 16-423-SDD-RLB |
| EAST BATON ROUGE FEDERATION OF TEACHERS | |

## **ORDER**

Before the Court is Plaintiff's request "to access Pacer free of charge" ("Motion"). (R. Doc. 25).

Plaintiff is proceeding *pro se* and *in forma pauperis*. (R. Doc. 3). Plaintiff alleges that the East Baton Rouge Federation of Teachers "failed to provide union representation" and committed "fraud." (R. Doc. 1). Plaintiff's claims against the defendant have been dismissed without prejudice. (R. Doc. 14; R. Doc. 24).[1]

First, the Court notes that this matter is closed as the district judge dismissed plaintiff's cause(s) of action against the defendant without prejudice. That decision was upheld on appeal. Accordingly, plaintiff's request is denied as moot.

An examination of the merits results in the same decision. The Court will presume that Plaintiff is seeking relief pursuant to the Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule ("Fee Schedule").[2] Paragraphs 1-7 of the Fee Schedule detail the Fees for Public Access to Court Electronic Records (PACER), Fees for Courthouse Electronic Access,

---

[1] Plaintiff brought a separate employment discrimination action against her former employer, East Baton Rouge School System, which remains pending. *See Johnson v. East Baton Rouge School System*, Civ. Act. No. 16-422-SDD-RLB (M.D. La.). The Court denied an identical motion docketed in that action. *Id.*, ECF No. 51.
[2] The Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule, *reprinted in* 28 U.S.C. § 1914, was issued in accordance with 28 U.S.C. §§ 1913, 1914, 1926, 1930, and 1932, with an effective date of April 1, 2007.

and PACER Service Center Fees.  Paragraph 8 of the Fee Schedule details certain situations in which users are allowed free access to information, including a parties' receipt of one free electronic copy of all documents filed electronically "if receipt is required by law or directed by the filer," access to judicial opinions, and the viewing of case information or documents "at courthouse public access terminals."

To the extent Plaintiff desired to avail herself of the ability to receive one free copy of all documents filed electronically in this case, she simply needed to complete the Pro Se E-Service & E-Notice Consent Form, as she has been informed in 16-422-SDD.  This will provide Plaintiff the ability to print out and/or save any document filed in her case by any party or the Court.  Should Plaintiff desire access to Pacer without limitation, there are public access terminals available in the Clerk's office for this specific purposes.  Plaintiff may print any documents for a nominal per page fee.

To the extent that Plaintiff is instead seeking unfettered access to every case on Pacer without limitation or payment of fees, from locations other than the public access terminal, that request is denied.  Paragraph 9 of the Fee Schedule provides that "Courts may exempt certain persons from payment of the user access fee [if] those seeking an exemption have demonstrated that an exception is necessary in order to avoid unreasonable burdens and to promote public access to information."

Plaintiff does not submit any information in support of a finding that the Court should award her an exception from any fees regarding access to information on PACER, especially as the instant case is now closed.  It is unclear whether Plaintiff has attempted to view case information or documents at the public access terminal in the Clerk's Office, which is available during courthouse business hours at no charge.  Plaintiff has not demonstrated that an exemption

to fees charged for printing documents from PACER, or access to case information or documents outside of the public access terminal, is required to avoid unreasonable burden to Plaintiff.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 25) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 10, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**